Mr. Justice Clayton
delivered the opinion of the court.
This was a proceeding in the court of probates of Amite *687 county, to test the validity of a clause in the will of Lewis Weathersby, deceased. .This clause is alleged to be an attempted evasion of the law prohibiting the emancipation of slaves, by last will and testament, and for that reason void.
The clause is as follows: “I give and bequeath to my son Ludovick, my servants Tom and Lucy, and their children, Matilda, Sylvester, Andrew, and Dicey, in trust and under the following conditions, viz.: I do hereby enjoin it upon my said son, to make the said slaves as comfortable in life as possible; that he furnish them and their children with a house separate from others; that he provide a horse, farming utensils, and a small tract of land for their use; that he sell their crops, furnish them with a milch cow, and two hundred pounds of sugar, and one hundred pounds of coffee, yearly; and that, in consideration of these things, he require of them reasonable service, and should Tom and Lucy at any time be able to raise a sum of money sufficient to compensate said Ludovick, say three hundred dollars for each of their daughters, Matilda and Dicey, then he shall give up said Matilda and Dicey to said Tom and Lucy, to serve and comfort them in their old age.”
The intention of the testator was very probably to secure freedom to these slaves, at least, to four of them. As that intent is prohibited by our statute, (Hutch. '539, § 11,) this provision of the will cannot take effect. It is void.
But the question next arises, as to the application of the principle in this case. If there had been a direct bequest of freedom to these slaves, it would have been entirely ineffectual, and they would have been subject to distribution, as if no will had been made.
The bequest here is of the slaves directly to one of the sons of the testator, and nothing can be urged against the validity of this disposition. The trust or condition, annexed for the benefit of the slaves, is what falls under the inhibition of the law. The consequence is, that the trust or condition is defeated, and the estate is absolute in the legatee. Conditions that are against, law, the law will always, and without regard to circumstances, defeat. 2 Co. Litt. 206 6, n. 99; 4 Kent, Comm. 130. The *688 result of this doctrine is, that Ludovick Weathersby is invested with the absolute title to these slaves, discharged of all trust and condition.
The distinction between this case, and that of Lucas v. Lockhart et al., 10 S. & M. 466, cited in argument, is, that in the latter case, the trust was declared to be a legal one, here it is repugnant to a positive statute.
The slaves now form no part of the estate of the testator, because they passed by a valid bequest under his will. They are not subject to distribution, as prayed for by the petition. The order of the court below, dismissing the petition, is therefore affirmed.
A re-argument was applied for, but not granted.